IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Brumfield, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | 10 cv _____ |
| | ) | |
| City of Chicago, Jody P. Weis, | ) | *(jury demand)* |
| and the Chicago Police Board, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.    This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1367.

2.    Plaintiff Linda Brumfield is a resident of the Northern District of Illinois.

3.    Defendant City of Chicago is an Illinois municipal corporation.  In each year following the amendment to the Rehabilitation Act contained in the Civil Rights Restoration Act of 1987, Pub.L. No. 100-

259, 102 Stat. 28, and in each year following the reissuance on August 26, 2003 of the regulations implementing the Rehabilitation Act, 68 Fed.Reg. 513264, 51335, defendant City of Chicago has received federal financial assistance.

4.     Defendant Jody P. Weis is the Superintendent of the Chicago Police Department and is joined in this action as a necessary party on plaintiff's supplemental state law claim of administrative review.

5.     Defendant Police Board of the City of Chicago is an agency of the City of Chicago and is joined in this action as a necessary party on plaintiff's supplemental state law claim of administrative review

6.     Plaintiff Linda Brumfield became a full time, non-probationary police officer of the City of Chicago in 1999.

7.     In 2006, while employed as a Chicago police officer, plaintiff began to experience psychological problems which made her unable to engage in a variety of everyday activities, including sleeping, eating, and being able to concentrate.

8.     Defendant City of Chicago became aware of plaintiff's disability, and on four occasions required plaintiff to submit to a psychological examination to determine if she was capable of continuing to work as a police officer.

9.   Following psychological examinations conducted on June 13, 2006, February 21, 2007, May 22, 2007, and August 9, 2007, defendant City of Chicago was informed by its psychological examiners that plaintiff was fit for duty as a police officer, but that she was vulnerable "to workplace stress."

10.   Defendant City of Chicago did not take any action to accommodate plaintiff's disability but took a variety of actions that caused plaintiff's disability to worsen:

a.   On August 23, 2008, as the result of an incident that had allegedly occurred on June 6, 2006, defendant City of Chicago caused plaintiff to be suspended without pay pending discharge proceedings before the Chicago Police Board.

b.   After a hearing, the Police Board refused to fire plaintiff, but ordered that she be suspended without pay for 180 days.

c.   On March 6, 2009, before expiration of the 180 day suspension period, defendant City of Chicago again caused plaintiff to be suspended without pay pending discharge proceedings before the Chicago Police Board.

d. After a hearing, the Police Board again refused to fire plaintiff, but ordered that she be suspended without pay for 180 days.

e. On September 11, 2009, before expiration of the second 180 suspension period, defendant City of Chicago again caused plaintiff to be suspended without pay pending discharge proceedings before the Chicago Police Board.

f. On July 2, 2010, the Police Board issued a final administrative decision which sustained the third complaint and ordered that plaintiff be discharged.

g. These repeated suspensions without pay caused plaintiff to be deprived of benefits, including health insurance, and thereby left her unable to afford treatment for her disability.

11. As a result of the foregoing, the City of Chicago caused plaintiff to be deprived of rights secured by Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794(a) and Section 202 of the Americans with Disabilities Act, 42 U.S.C. Section 12132.

12. The order of the Chicago Police Board to terminate plaintiff is arbitrary and unreasonable because the City's refusal to accommo-

date plaintiff's disability and the City's affirmative acts to exacerbate that disability caused plaintiff to become unable to work as a police officer.

13.     Plaintiff hereby demands trial by jury on her federal claims.

Wherefore plaintiff requests that judgment be entered in her favor and against defendant City of Chicago in an amount in excess of five hundred thousand dollars as compensatory damages, that appropriate relief be granted on plaintiff's supplemental claim for administrative review, and that the costs of this action, including reasonable attorneys' fees be taxed against defendant Cook County.


/s/ Kenneth N. Flaxman

  Kenneth N. Flaxman
  ARDC 830399
  200 S Michigan Ave, Ste 1240
  Chicago, Illinois 60604
  (312) 427-3200

  *Attorney for Plaintiff*